The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

      LOUISE CHIN AKA,                                Chapter 7
      LOUISE REDDINGTON                         Case No. 11-46968-jf

                                Debtor.
-----------------------------------------------------------x
DEBRA KRAMER as Trustee of the estate of
Louise Chin a/k/a Louis Reddington,

                Plaintiff,                       Adv. Pro. No. 12-

   -against-

LAWRENCE CHIN,

                Defendant.
-----------------------------------------------------------x

## **COMPLAINT**

Debra Kramer, the chapter 7 trustee and the plaintiff herein (the "Trustee" or the "Plaintiff"), by and through her attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for her complaint (the "Complaint") against Lawrence Chin ("Lawrence" or the "Defendant") and states as follows:

1.     The Plaintiff is the Chapter 7 Trustee herein.

2.     The Defendant is an individual with a mailing address of 52-52 71st Street, Maspeth, New York (the "Premises"). The Defendant is an "insider" of Louise Chin a/k/a Louise Reddington, the debtor (the "Debtor") as that term is defined under the Bankruptcy Code.

## **JURISDICTIONAL PREDICATE**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

4. The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

5. The statutory predicates for the relief sought herein are 11 U.S.C.§§ 544, 550 and 551 and 12 N.Y. Debt. & Cred. Law §§ 270 et seq. ("Debtor and Creditor Law"); Bankruptcy Rules 7001 *et. seq.,* and common law principles of fraud and unjust enrichment.

6. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et. seq.*

7. In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

**BACKGROUND**

8. On August 12, 2011, (the "Petition Date") the "Debtor filed a voluntary petition for relief from her creditors pursuant to chapter 7 of the Bankruptcy Code.

9. Debra Kramer was appointed as the interim Trustee and thereafter did duly qualify as the permanent case Trustee.

10. Upon information and belief, and a review of the records maintained on ACRIS, by deed dated July 16, 2007, the Debtor conveyed her fifty (50%) percent ownership interest in the Premises to the Defendant, such that the Defendant now holds the property in fee simple absolute, for no consideration.

11. Upon information and belief, and a review of the records maintained on ACRIS, the Premises was not subject to any recorded mortgage(s) as of July 16, 2007.

12. Upon information and belief, at the time of the alleged no consideration the Premises had a value of not less than $565,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 273

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12".

14. To the extent that the claims herein arise under Bankruptcy Code § 544(b), the Trustee is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

15. Upon information and belief, at the time the Debtor made the transfer to the Defendant she was insolvent or the transfer rendered the Debtor insolvent.

16. The Debtor did not receive fair consideration for the transfer made to the Defendant.

17. The Defendant benefitted from the transfer made by the Debtor.

18. The transfer is voidable under Debtor and Creditor Law § 273 as a fraudulent conveyance.

19. By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting aside the transfer made by the Debtor and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §273.

## AS AND FOR A SECOND CAUSE OF ACTION
## UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
## AND SECTION 550 OF BANKRUPTCY CODE

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs

"1" through "19".

21.  Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer that was made and/or the value thereof.

22.  The Defendant benefitted from the Debtor's transfer to him in an amount not less than $282,500.00.

23.  By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in an amount of not less than $282,500.00 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A THIRD CAUSE OF ACTION
### UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
### AND SECTION 550 OF BANKRUPTCY CODE

24.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as if each were more fully set forth herein.

25.  The Defendant benefitted from the Debtor's transfer to him in an amount not less than $282,500.00.

26.  By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in an amount not less than $282,500.00 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 274

27.  The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as if each were more fully set forth herein.

28.  Upon information and belief, the transfer was made without fair consideration and the property remaining with the Debtor after the transfer was an unreasonably small capital.

29. The transfer is voidable under Debtor and Creditor Law § 274 and Bankruptcy Code § 544 (b).

30. By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting aside the transfer made and determining that the transfer is a fraudulent conveyance under Debtor and Creditor Law §274.

### AS AND FOR A FIFTH CAUSE OF ACTION
### UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW
### AND SECTION 550 OF BANKRUPTCY CODE

31. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as if each were more fully set forth herein.

32. Under Debtor and Creditor Law § 278 and Bankruptcy Code § 550(a), the Plaintiff may recover the transfer or the value thereof.

33. By reason of the foregoing, the Plaintiff is entitled to set aside the transfer made and recover the value thereof.

34. The Defendant benefitted from the Debtor's transfers to him in an amount not less than $282,500.00.

35. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant in an amount not less than $282,500.00 pursuant to Sections 274 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A SIXTH CAUSE OF ACTION
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 275

36. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as if each were more fully set forth herein.

37. The transfer was made without fair consideration when the Debtor intended and believed that she would incur debts beyond his ability to pay them as they became due.

38.    The transfer is voidable under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

39.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer as a fraudulent conveyance under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

### AS AND FOR A SEVENTH CAUSE OF ACTION
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 276

40.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as if each were more fully set forth herein.

41.    Upon information and belief, the transfer was made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

42.    The transfer is voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

43.    By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the transfer as a fraudulent conveyance under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

44.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "43" as if each were more fully set forth herein.

45.    The Plaintiff is also entitled to recover attorneys' fees under Debtor and Creditor Law § 276-a.

46.    By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys'

fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law.

### AS AND FOR A NINTH CAUSE OF ACTION
### FOR UNJUST ENRICHMENT

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" as if each were more fully set forth herein.

48. The Defendant's action has caused him to be unjustly enriched.

49. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount not less than $282,500.00.

**WHEREFORE,** the Plaintiff respectfully demands judgment as follows:

(A) On the First Cause of Action, Plaintiff is entitled to a judgment against the Defendant in an amount of at least $282,500.00;

(B) On the Second Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §273;

(C) On the Third Cause of Action, judgment against the Defendant in an amount of at least $282,500.00 pursuant to Section 278 of Debtor and Creditor Law and section 550 of the Bankruptcy Code; and

(D) On the Fourth Cause of Action, judgment against the Defendant. in an amount of at least $282,500.00 pursuant to Section 273 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code; and

(E) On the Fifth Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §274;

(F) On the Sixth Cause of Action, a judgment against the Defendant in an amount of at least $282,500.00 pursuant to Sections 274 and 278 of Debtor and Creditor Law and Section

550 of the Bankruptcy Code; and

    (G) On the Seventh Cause of Action, a declaratory judgment setting aside the transfer made as a fraudulent conveyance under Debtor and Creditor Law §276;

    (H) On the Eighth Cause of Action, judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

    (I) On the Ninth Cause of Action, judgment against the Defendant in an amount not less than $282,500.00 based upon unjust enrichment; and

    (J) together with such other and further relief as this Honorable Court determines appropriate under the facts and circumstances herein.

Dated: Huntington, New York
       August 1, 2012

                              The Law Offices of Avrum J. Rosen, PLLC
                              Attorneys for Debra Kramer, Esq.

                BY:    <u>S/Fred S. Kantrow</u>
                              Fred S. Kantrow
                              38 New Street
                              Huntington, New York 11743
                              631 423 8527
                              Fkantrow@avrumrosenlaw.com